# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3469 PA (RZx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | JL Powell LLC, et al. v. JLP Retail Holding Company, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - ORDER TO SHOW CAUSE

     Before the Court is an action for declaratory relief filed on May 5, 2014, by plaintiffs JL Powell LLC ("JL Powell") and Blue Highways Holdings III, LLC ("Blue Highways") (collectively "Plaintiffs") against defendant JLP Retail Holding Company, Inc. ("Defendant").  On June 24, 2014, Defendant filed a First Amended Answer and Counterclaims against Plaintiffs, Bruce Willard, William End, and William Dargie.  (Docket No. 20.)

     The Complaint alleges this Court has subject matter jurisdiction on the basis of diversity.  See 28 U.S.C. § 1332.  To invoke the Court's diversity jurisdiction, a plaintiff must show that there is complete diversity of citizenship between the parties, and that the amount in controversy exceeds $75,000.  See id.; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274, 282 (1978).  For diversity purposes, the citizenship of a partnership or other unincorporated entity, such as a limited liability company, is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company."); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT&T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").  "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists."  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

     On July 15, 2014, Blue Highways filed a Motion to Drop Party Plaintiff.  (Docket No. 24.)  In the Motion, Blue Highways acknowledges that this Court lacks subject matter jurisdiction because JL Powell is a limited liability company, whose only members are Blue Highways and Defendant.  Thus, Blue Highways requested that the Court drop JL Powell as a party plaintiff to perfect this Court's diversity jurisdiction pursuant to Federal Rule of Civil Procedure 21.  In an Order issued today, the Court denied Blue Highways' Motion on the ground that JL Powell is an indispensable party and therefore cannot be dropped from this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3469 PA (RZx) | Date | August 18, 2014 |
|---|---|---|---|
| Title | JL Powell LLC, et al. v. JLP Retail Holding Company, Inc. | | |

  Plaintiffs also filed a Motion to Dismiss Counterclaims for Lack of Subject Matter Jurisdiction, (Docket No. 27), on July 15, 2014, due to the lack of complete diversity of citizenship between the parties. Individual counterclaim defendants Bruce Willard, William End, and William Dargie filed a Motion to Dismiss Counterclaims (collectively "Counterclaim Defendants"), (Docket No. 26), the same day, citing the Court's lack of subject matter jurisdiction as one of the bases for their Motion.

  Although it is apparent that the Court lacks diversity jurisdiction,[1] no party has filed a motion, stipulation, or other notice to dismiss this action in its entirety. Accordingly, the Court orders the parties to show cause in writing why this entire action should not be dismissed for lack of subject matter jurisdiction. The parties shall file their responses by no later than September 1, 2014. The Court will rule on Plaintiffs and Counterclaim Defendants' Motions to Dismiss Counterclaims, and issue a schedule of trial and pretrial dates after receiving the parties' responses to this Order. Failure to respond to this Order may result in the imposition of sanctions including, but not limited to, the dismissal of the Complaint and Counterclaims.

  IT IS SO ORDERED.

---

[1]  In its Opposition to Plaintiffs and Counterclaim Defendants' Motions to Dismiss Counterclaims, (Docket No. 30), Defendant argues that the Court has diversity jurisdiction over the action regardless of whether JL Powell is dismissed as a party. (See Opp'n to Mot. 11-12.) Defendant, however, incorrectly relies on Plaintiffs' allegation that "JL Powell, LLC is a Delaware Corporation with its principle place of business in California" to support this position. (See id. 12 (citing Compl. ¶ 1.)) As explained above, for diversity purposes, the citizenship of a limited liability company is determined by the citizenship of its members - in this case, Blue Highways and Defendant.